(No. 88-CC-1454-)

EDWARD HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 2, 1990.*

GRABOWSKI & CLUTTS (MARY D. AVERSANO, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (ARLA ROSENTHAL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This cause comes before us on cross-motions for summary judgment. On July 9, 1985, Leroy Weeks was arrested by the Illinois State Police and charged with a number of offenses including theft of a vehicle, being a fugitive from justice—escape, unlawful use of a weapon, fleeing or attempting to elude a police officer, and various traffic offenses. In the course of the commission of the offenses, Weeks was shot by a State trooper. Weeks was arrested by Sergeant Ryan of the State Police and Officer Edwards of the Romeoville Police Department. Weeks was taken to Edward Hospital in Naperville, Illinois. At issue in this case is whether the State is liable for $7,875.97 in unpaid expenses for the treatment of Weeks.

The Sheriff's Act (Ill. Rev. Stat. 1985, ch. 125, par. 216) in effect at the time provided:

"An arresting authority shall be responsible for any incurred medical expenses relating to the arrestee until such time as the arrestee is placed in the custody of the sheriff. However, the arresting authority shall not be so responsible if the arrest was made pursuant to a request by the sheriff. For the purposes of this Section, arresting authority shall have the meaning ascribed to it in Section 24 of An Act to revise the law in relation to jails and jailers, approved March 3, 1874, as amended."

This language was added by Public Act 83—370, approved September 14, 1983, effective January 1, 1984. The same Act amended Section 24 of "An Act to revise the law in relation to jails and jailers." (Ill. Rev. Stat. 1985, ch. 75, par. 24.) "Arresting authority" was defined as

"a *unit of local government,* other than a county, which employs peace officers and whose peace officers have made the arrest of a person." (Emphasis ours.)

It is thus undeniably clear that the legislature intended "arresting authority" to be limited to "a unit of

local government other than a county,". Illinois Revised Statutes (1985), ch. 1, par. 1029 defines "unit of local government" by reference to Article VII of the 1970 Constitution of the State of Illinois.

Article VII, Section 1 of the 1970 Constitution defines "units of local government" as

"counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts."

The State of Illinois is not a unit of local government.

Therefore Claimant cannot recover based on this statute, and no other theory of recovery has been asserted.

The Claimant's motion for summary judgment should be denied and the Respondent's motion for summary judgment should be granted.

It is therefore ordered, adjudged and decreed that the claim is dismissed and forever barred.